**ABRAMSON & DENENBERG, P.C.**
**BY: JONATHAN R. ALTSCHULER, ESQUIRE**
**IDENTIFICATION NUMBER: 82975**
**1200 WALNUT STREET, SIXTH FLOOR**
**PHILADELPHIA, PA. 19107**                    **ATTORNEY FOR PLAINTIFF**
**(215) 546-1345**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNY TOLIVER** | : | CIVIL ACTION |
| **1848 FARRINGTON ROAD** | : | |
| **PHILADELPHIA, PA 19151** | : | |
| | : | |
| VS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| AND | : | |
| **SWAT TEAM OFFICERS JOHN DOE #1-10** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | NO. 02-4554 |
| **PHILADELPHIA, PA. 19102** | : | |
| AND | : | |
| **SWAT TEAM OFFICER JOHN DOE #11** | : | |
| **BADGE NO. 4346** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |

**COMPLAINT - CIVIL ACTION**

      1.  Plaintiff, Danny Toliver, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

      2.  Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

      3.  Defendants, Swat Team Officers John Doe #1-11, were at all material times officers with the City of Philadelphia Police Department. Swat Team Officers John Doe #1-11 are

1

being sued both individually and in their official capacity as officers, agents, and/or employees of the defendant, City of Philadelphia.

4. At all material times, defendants, Swat Team Officers John Doe #1-11, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

5. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and supervising members of the City of Philadelphia Police Department including in particular, the defendants, Swat Team Officers John Doe #1-11.

6. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

7. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in the County of Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

8. On or about July 13, 2000, at approximately 1:15 p.m., plaintiff, Danny Toliver, was proceeding in a southbound direction on Broad Street in his recently purchased BMW vehicle, approaching the intersection of Glenwood Avenue, when he was pulled over by defendants, Swat Team Officers John Doe #1-11.

9. Defendants, Swat Team Officers John Doe #1-11, approached plaintiff, Danny Toliver, on both sides of his vehicle with their 9 Millimeter guns drawn.

10. One of the defendants informed plaintiff, Danny Toliver, that the vehicle was stolen.

11. Plaintiff, Danny Toliver, provided defendants, Swat Officers John Doe #1-11, with documentation, including his temporary registration, insurance card and driver's license.

12. Despite receiving this documentation, defendants, Swat Team Officers John Doe #1-11, kept plaintiff, Danny Toliver for over two hours at the above location with guns drawn and pointed at plaintiff.

13. During that time, defendants, Swat Team Officers John Doe #1-11, conducted an illegal search of plaintiff, Danny Toliver's, vehicle.

14. No weapons or contraband were found.

15. At the end of the stop, defendant, Swat Team Officer John Doe #11, Badge No, 4346, issued plaintiff, Danny Toliver two citations; one for allegedly running a red traffic signal and another for driving with a suspended license.

16. The above citations were not sent to Philadelphia Traffic Court until several months later, and all the charges/citation fines were dismissed.

17. As a direct and proximate result of the aforementioned acts and conduct of the defendants, the plaintiff sustained injuries including, but not limited to:  severe emotional distress, nightmares and flashbacks, some or all of which the plaintiff is advised may be permanent in nature.

18. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Danny Toliver, has suffered emotional injuries and incurred medical expenses to his great detriment and loss.

19. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Danny Toliver, suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to his great detriment and loss.

20. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Danny Toliver has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss.

21. As a direct and proximate result of the aforementioned actions of the defendants,

plaintiff, Danny Toliver, has and will hereinafter incur other financial expenses and losses.

### COUNT I - 42 U.S.C. §1983
### ILLEGAL VEHICLE STOP AND SEARCH
### DANNY TOLIVER V. SWAT TEAM OFFICERS JOHN DOE #1-11

22. Paragraphs 1 through 21 are incorporated herein by reference, as though each were fully set forth herein at length.

23. As aforesaid, defendants, Swat Team Officers John Doe #1-11, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from illegal vehicle stops, searches and racial profiling; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

24. As aforesaid, defendants, Swat Team Officers John Doe #1-11, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, the City of Philadelphia, intentionally and maliciously humiliated, threatened, accused, abused and insulted, plaintiff, Danny Toliver, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

25. As aforesaid, defendants, Swat Team Officers John Doe #1-11, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, the City of Philadelphia, intentionally and maliciously assaulted and battered

and placed plaintiff, Danny Toliver in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

26. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Swat Team Officers John Doe #1-11, the plaintiff, Danny Toliver, suffered injuries that are described above.

27. The above-described actions of the defendants, Swat Team Officers John Doe #1-11, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, plaintiff, Danny Toliver, demands compensatory and punitive damages against defendants, Swat Team Officers John Doe #1-11, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT II - 42 U.S.C., 1983
### CONSPIRACY
### DANNY TOLIVER VS. SWAT TEAM OFFICERS JOHN DOE #1-11

28. Paragraphs 1 through 27 are incorporated herein by reference, as though each were fully set forth herein at length.

29. As detailed above, defendants, Swat Team Officers John Doe #1-11 entered into a conspiracy to harm the plaintiff, Danny Toliver, and deny the plaintiff of his constitutional rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of Pennsylvania.

30. As detailed above, defendants, Swat Team Officers John Doe #1-11, performed overt acts in furtherance of the conspiracy.

31. As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiff, Danny Toliver, including the deprivation of his rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

32. The plaintiff, Danny Toliver, believes and therefore avers, that defendants, Swat Team Officers John Doe #1-11, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the defendant, City of Philadelphia, and the City of Philadelphia Police Department's Swat Team, provided intentional as well as unintentional support to the conspiracy to deprive plaintiff, Danny Toliver, of his constitutional rights.

33. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, the plaintiff, Danny Toliver, suffered injuries, which are described above.

34. The above described actions of the defendants, Swat Team Officers John Doe #1-11, in their individual capacities were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, plaintiff, Danny Toliver, demands compensatory and punitive damages against defendants, Swat Team Officers John Doe #1-11, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III – 42 U.S.C. §1983
### BYSTANDER LIABILITY
### DANNY TOLIVER V. SWAT TEAM OFFICERS JOHN DOE #1-11

35. Paragraphs 1 through 34 are incorporated herein by reference, as though each were

fully set forth herein at length.

36. Defendants, Swat Team Officers John Doe #1-11, violated Plaintiff's constitutional rights by using racial profiling to illegally stop and search his vehicle.

37. Defendants knew or had reason to know that the Plaintiff's constitutional rights were being violated and said Defendants had realistic opportunities to intervene and prevent the harm from occurring, but failed to do so.

38. Defendants, Swat Team Officers John Doe #1-10 and/or Swat Team Officer John Doe #11, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the assaulting conduct of said defendants, resulting in Plaintiff sustaining the injuries as set forth above.

39. The above described actions of the defendants, Swat Team Officers John Doe #1-11, in their individual capacities were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Danny Toliver, demands compensatory and punitive damages against Defendants, Swat Team Officers John Doe #1-11, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

### COUNT III - 42 U.S.C., §1983
### MONELL CLAIM
### DANNY TOLIVER VS. CITY OF PHILADELPHIA

40. Paragraphs 1 through 39 are incorporated herein by reference, as though each were set forth herein at length.

41. The plaintiff, Danny Toliver, believes and therefore avers that defendant, City of

Philadelphia has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the use of illegal vehicle stops and searches, as well as the use of racial profiling by its officers, specifically Swat Team members; systematically verbally and physically abusing individuals, and subjecting them to the same type of treatment to which plaintiff was subjected, which policy constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

42. The plaintiff believes and therefore avers that the City of Philadelphia has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, and members of the Swat Team regarding constitutional restraints on the police power to use racial profiles to stop and search vehicles, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

43. The defendant, City of Philadelphia has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from illegal vehicle stops and searches, as well as racial profiling which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

44. The plaintiff believes and therefore avers, that at the time of his arrest, defendant, City of Philadelphia, knew or should have known of the above described policy, custom and practice of the SWAT Team Unit of the City of Philadelphia Police Department, and that they deliberately,

knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

    a. Failure to restrain the use of illegal vehicle stops and searches, as well as, racial profiling of citizens by the SWAT Team Officers;

    b. Failure to properly train, test and/or select its SWAT Team Officers in the proper use of vehicle stops and searches:

    c. Failure to have clear, concise, and appropriate Police directives;

    d. Failure to properly supervise and/or control its Swat Team officers;

    e. Failure to restrain illegal vehicle stops and searches, and to have clear concise and appropriate directives regarding same;

    f. Failure to have proper counseling, use of vehicle stops and searches, as well as racial profiling, training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of SEPTA with prior and ongoing complaints of illegal vehicle stops and searches as well as racial profiling;

    g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Police Department;

    h. Failure to prevent plaintiff from being injured by its Officers where defendant knew or had reason to know of the dangerous propensities of said Swat Team Officers;

    i. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

    j. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to use racial profiling for vehicle stops and searches;

    k. Otherwise acting without due regard for the rights, safety and position of the plaintiffs herein, in accordance with the laws of the Commonwealth of Pennsylvania; and

    l. Otherwise violating the ordinances of the City of Philadelphia; Directives of the Philadelphia Police Department and the Statutes of the Commonwealth of Pennsylvania.

    45.  The plaintiff believes and therefore avers that the defendant, City of Philadelphia,

has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers illegally stop and search vehicles, which allows for and results in an encouragement to officers within the City of Philadelphia Swat Team Unit to continue doing the same, and creates policies, practices, and/or procedures allowing officers to proceed in this manner and creates an atmosphere for the allowance of such vehicle stops and searches based upon racial profiling by members of the Philadelphia Police Swat Unit without fear of punishment.

46. The plaintiff believes and therefore avers that the defendant, the City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named defendant officers, in such a way as to reduce or at least to restrain the members of the Philadelphia Police Department Swat Unit from conducting illegal vehicle stops and searches, as well as racial profiling; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as having problems with illegal vehicle stop and searches as well as racial profiling; failing to issue adequate directives and/or guidelines concerning prohibitions against the use of racial profiling and illegal vehicle stops and searches; and failing to discipline those officers identified as having unreasonably engaged in said conduct, which failures were the direct cause for the existence of the alleged custom and usage of said conduct, and specifically upon the plaintiff, Danny Toliver, by the defendant and thereby violated plaintiff's rights to protection from illegal vehicle stops and searches, as well as racial profiling under the Fourth and Fourteenth Amendment.

47. The defendant, City of Philadelphia, was aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant Swat Team officers, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the

policy and practices described to the deliberate indifference of the constitutional rights of the citizens of the City of Philadelphia.

48. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, defendant, the City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. §1983.

49. The plaintiff believes and therefore avers that the defendant, City of Philadelphia has adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of illegal vehicle stops and searches, as well as racial profiling, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, improperly stopped and searched a vehicle based solely upon a racial profile.

50. Upon information and belief, the systematic deficiencies include, but are not limited to:

a. The preparation of investigative reports designed to vindicate the illegal stopping and searching of vehicles based upon racial profiling, regardless of whether such actions were justified;

b. The preparation of investigative reports which rely solely on the word of Philadelphia Police Officers involved in the incidents and which systematically fail to credit the testimony and statement of non-officer witnesses;

c. The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved; and,

d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

51. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of defendant, the City Of Philadelphia, and as such caused defendants, Swat Team Officers John Doe #1-11 to be unaware of the rules and laws governing the permissible use of vehicle stops and searches based upon racial profiling and that the illegal vehicle stops and searches would not be honestly and properly investigated, all with the procedural result that officers are more likely to illegally stop and search vehicles and use racial profiling in situations where such conduct is neither necessary, reasonable nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, plaintiff, Danny Toliver, demands compensatory damages against defendants, the City of Philadelphia, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT
## DANNY TOLIVER V. SWAT TEAM OFFICERS JOHN DOE #1-11

52. Paragraphs 1 through 51 are incorporated herein by reference, as fully as though each were fully set forth herein at length.

53. Defendants, Swat Team Officers John Doe #1-11, as aforesaid, intentionally caused the false arrest and false imprisonment of the plaintiff, without probable cause, without privilege and against the plaintiff's will.

54. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Swat Team Officers John Doe #1-11, the plaintiff sustained injuries that are described above.

55. The above-described actions of defendants, Swat Team Officers John Doe #1-11, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Danny Toliver, demands compensatory and punitive

damages against defendants, Swat Team Officers John Doe #1-1, jointly and/or severally for the common law tort of false arrest and false imprisonment, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

### COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DANNY TOLIVER VS. SWAT TEAM OFFICERS JOHN DOE #1-11

56. Paragraphs 1 through 55 are incorporated herein by reference, as though each were fully set forth herein at length.

57. Plaintiff believes and therefore avers that the defendants, Swat Team Officers John Doe #1-11, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

58. The above-described malicious, intentional, and/or reckless acts and omissions of defendants, Swat Team Officers John Doe #1-11, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

59. The above-mentioned malicious, intentional, and/or reckless acts and omissions of defendants, Swat Team Officers John Doe #1-11, caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

60. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Swat Team Officers John Doe #1-11, the plaintiff suffered injuries that are described above.

61. The above-described actions of defendants, Swat Team Officers John Doe #1-11, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Danny Toliver, demands compensatory and punitive damages against defendants, Swat Team Officers John Doe #1-11, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess

of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

                                    **ABRAMSON & DENENBERG, P.C.**

                    **BY:**_____
                            **JONATHAN R. ALTSCHULER, ESQ.**
                            **ATTORNEY FOR PLAINTIFF**