IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DANNY TOLIVER                  :        CIVIL ACTION
                               :
        v.                     :
                               :
CITY OF PHILADELPHIA           :        NO. 02-4554


SCHEDULING ORDER

AND NOW, to wit, this 18th  day of SEPTEMBER, 2002 ,
IT IS ORDERED as follows:

1. All discovery shall proceed forthwith and continue in
such manner as will assure that all requests for, and responses to,
discovery will be served, noticed and completed by
DECEMBER 12, 2002                              ;

2. All trial exhibits shall be marked and exchanged on or
before DECEMBER 13, 2002                       ;

3. Plaintiff shall identify and submit Curriculum Vitae
for all expert witnesses on or before  DECEMBER 12, 2002        .
Reports and/or responses to expert witness discovery for all such
expert witnesses shall be served by plaintiff on defendant on or
before DECEMBER 23, 2002                  ;

4. Defendant shall identify and submit Curriculum Vitae
for all expert witnesses on or before DECEMBER 12, 2002      .
Reports and/or responses to expert witness discovery for all such
expert witnesses shall be served by defendant on plaintiff on or
before JANUARY 3, 2003                   ;

1

5. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

ALL MOTIONS FOR SUMMARY JUDGMENT ARE DUE BY  JANUARY 13, 2003;

    a) Joint Pretrial Memo due 5 DAYS BEFORE SETTLEMENT CONFERENCE;

    b) Plaintiff's memo due on or before_____;

    c) Defendant's memo due on or before_____;

6. Settlement conference   (to be set)  .

7. The case will be placed in the Court's trial pool on JANUARY 30, 2003                         .

8. Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or, (C) the adequacy of the qualifications of an expert witness expected to testify; shall set forth separately each such objection in their Pretrial Memorandum.  Such objection shall describe with particularity the ground and the authority for the objection;

9. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

10. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party,

a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.   In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

11. The parties hall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 8716) at least three days before the case appears on the trial list.  The original shall be filed with the Clerk of the Court;

12. (At least three days before the settlement conference or in certain cases where there is to be no settlement conference, then three days before the day of trial). Each party shall submit to the Court (Chambers, Room 8716) two (2) copies of proposed voir dire questions, proposed jury instructions with citations of authority for each point (ONE POINT PER PAGE), proposed jury interrogatories, and a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court;

13. At the commencement of trial, the Court should be supplied with one (1) copy of each exhibit, and two (2) copies of a schedule of exhibits which shall briefly describe each exhibit.

14. If documents are file electronically, the parties shall either send or fax (215-580-2312) a copy to chambers.

15. Unexcused violations of scheduling orders are subject to sanctions under Fed. R. Civ. P. 16(f), upon motion or the initiative of the Court.

16. Letters or written communications (which are discouraged) shall be directed to the Court and not to law clerks or to the deputy clerk. Telephone calls to law clerks are discouraged. Law clerks are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court. All scheduling matters should be discussed with Angela J. Mickie, Deputy Clerk, (267-299-7419).

BY THE COURT:

_____
J. Curtis Joyner, J.

4