**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANNY TOLIVER,                    :    CIVIL ACTION
                                  :
          Plaintiff,              :    02-4554
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA, et al.,     :
                                  :
          Defendants.             :

**<u>ORDER</u>**

AND NOW, this       day of March, 2003, upon consideration

of the Defendant City of Philadelphia's Motion for Summary

Judgment Pursuant to Federal Rule of Civil Procedure

56(c)(Document No. 10), it is hereby ORDERED that the Motion is

GRANTED.[1]

--------

[1]    According to Fed. R. Civ. P. 56(e), "[w]hen a motion
for summary judgment is made and supported as provided in this
rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's
response, by affidavits or as otherwise provided in this rule,
must set forth specific facts showing there is no genuine issue
for trial.  If the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the adverse
party."  However, the failure of plaintiff "to respond to this
motion is not necessarily fatal; summary judgment may only be
granted if the court determines that the movant is entitled to
judgment as a matter of law." <u>Bernhardt v. Hygrade</u>, 1998 U.S.
Dist. LEXIS 10031, at *1 (E.D. Pa. June 30, 1998).  Since the
Plaintiff failed to respond to the motion, "the Court is limited
to a consideration of the pleadings filed by the parties and the
exhibits filed" by the movants. <u>Abbdulaziz v. City of
Philadelphia</u>, 2001 U.S. Dist. LEXIS 16972, at *7 (E.D. Pa. Oct.
18, 2001).
     As of the date of this Order, Plaintiff has not responded to
Defendant City of Philadelphia's Motion for Summary Judgment.
Plaintiff has not presented any evidence beyond the allegations
set forth in his pleadings.  According to this Court's Scheduling

BY THE COURT:

_____
J. CURTIS JOYNER, J.

---

Order dated September 18, 2002, discovery was to be completed by
December 12, 2002.  Defendant has not presented any evidence
other than pointing to the utter lack of evidence presented by
Plaintiff.  Defendant, however, is not required to support its
motion with "affidavits or other similar materials negating the
opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323
(1986).  In fact, Defendant's evidentiary burden "may be
discharged by 'showing' -- that is, pointing out to the district
court -- that there is an absence of evidence to support the
nonmoving party's case." Id. at 325.  "Regardless of whether the
moving party accompanies its summary judgment motion with
affidavits, the motion may, and should, be granted so long as
whatever is before the district court demonstrates that the
standard for the entry of summary judgment, as set forth in Rule
56(c), is satisfied." Id. at 323.

     Although Plaintiff has not responded to Defendant's Motion,
we find that granting summary judgment is appropriate because
Defendant City of Philadelphia is entitled to judgment as a
matter of law.  Even viewing all facts and inferences in a light
favorable to Plaintiff, we find that there is nothing in the
record beyond the pleadings that supports a claim against
Defendant.  Without any record evidence before the Court in
support of Plaintiff's 42 U.S.C. § 1983 claim, we find Defendant
is entitled to judgment as a matter of law and GRANT Defendant's
Motion for Summary Judgment.  Therefore, all claims against
Defendant City of Philadelphia are dismissed with prejudice.