IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANNY TOLIVER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER N. CAMPOLONGO & | : | NO. 02-4554 |
| POLICE OFFICER R. CARRASQUILLO | : | |

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                                              January 28, 2005
United States Magistrate Judge

      By Order dated December 14, 2004, the Honorable J. Curtis Joyner referred the above captioned case for a settlement conference to the undersigned pursuant to 28 U.S.C. Section 636(b)(1)(A). Thereafter, on December 17, 2004, this court mailed a notice to the plaintiff Daniel Toliver, who has been proceeding *pro se* since May 16, 2003, and to counsel for defendants, ordering them to appear for a settlement conference today at 10:00 a.m. Counsel for the defendants appeared as required but plaintiff failed to appear. For the reasons that follow, the court recommends that plaintiff's claims against the defendants be dismissed for failure to prosecute and to obey a court order, pursuant to Fed.R.Civ. P. 16(f) and 41(b).

      This action was filed by the plaintiff on July 9, 2002. He alleges that on July 13, 2000 his civil rights were violated by the two defendant police officers who issued two traffic citations to him. Plaintiff was initially represented by the law firm of Abramson & Denenberg, P.C. By Order dated May 16, 2003, Judge Joyner permitted plaintiff's counsel to withdraw from the case. In the motion to withdraw, counsel informed the court that during the course of the investigation into plaintiff's claims, the attorney obtained information that "was unfavorable to Plaintiff's claims" and that "irreconcilable differences" existed between the plaintiff and counsel

on how to proceed with the case. (See Doc. No. 14). Since the withdrawal of counsel, plaintiff has not taken any action to pursue this case. The docket reveals no filings from plaintiff for over one and a half years.

Today, counsel for the defendants requested the court to dismiss plaintiff's claims for lack of prosecution and stated their reasons on the record before a court reporter. The transcript of the proceeding has been ordered by the court. Deputy City Solicitor Lynne A. Sitarski, explained that she has had no contact with the plaintiff and does not know how to reach him and stated that her clients have been prejudiced by the delay in this case because they deny plaintiff's allegations of official misconduct and would like to have a prompt judicial finding of their innocence of these charges. Ms. Sitarski further explained that plaintiff's lack of diligence to prosecute this case has prevented her clients' ability to bring this matter to a conclusion.

The court waited approximately forty-five minutes for the plaintiff to appear today. On December 17, 2004, the court's Deputy Clerk mailed the notice of the settlement conference to the address given by the plaintiff when he filed this action, that is, 1848 Farrington Road, Philadelphia, Pa 19151. The court could not telephone the plaintiff today because he did not provide a telephone number to the court or opposing counsel. This matter has been proceeding since July, 2002 and plaintiff's failure to appear today for a court mandated settlement conference confirms that plaintiff has lost his interest in pursuing the case. Accordingly, the court respectfully RECOMMENDS that plaintiff's claims be dismissed with prejudice for failure to prosecute and to comply with a court order. See Fed.R.Civ. P. 16(f) (court may sanction a party for not appearing at a pretrial conference); Fed.R.Civ. P. 41(b) (court can dismiss case for "failure of the plaintiff to prosecute or to comply with these rules or any

order of court"); Local Rule 53.3 (E.D. Pa.) (court may order litigants to participate in an ADR process); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (court has inherent power to dismiss the case when plaintiff's counsel failed to appear at pretrial conference); G. Heileman Brewing Co. v. Joseph Oat Corp., 848 F.2d 1415, 1420-21 (7th Cir. 1988) (court may order unrepresented parties to appear for a settlement conference); Nyenekor v. Kletches, 1996 WL 189920, at *8 (E.D. Pa. April 18, 1996), (Broderick, J.) (court dismissed *pro se* plaintiff's cases for failure to attend a pretrial conference).

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge